McCORD, Judge.
Appellants, employer/carrier, appeal the deputy commissioner’s order awarding ap-pellee temporary total disability benefits, ordering an orthopedic evaluation of appel-lee, and reserving jurisdiction to enforce the order. We reverse.
Appellee injured his back and suffered a hernia in a work-related accident on February 12, 1980. From that date until the time of the hearing before the deputy commissioner, appellee worked in several jobs, most of which he was able to perform despite his injuries. The deputy commissioner’s finding that appellee was temporarily totally disabled from May 20, 1980, until October 22, 1981, clearly was error since appellee was able to, and in fact did, work during that period. Since appellee earned less in those jobs than he had earned prior to his injury, the record probably would support a finding of temporary partial disability. Therefore, we reverse the award of temporary total disability and remand to the deputy commissioner for consideration of whether appellee was temporarily partially disabled.
In her order, the deputy commissioner, without explanation and with no apparent basis, directed appellants to select three orthopedic specialists from which appellee is to select one to perform an orthopedic evaluation upon appellee. That portion of the order is without sufficient foundation since it has no apparent relationship to any issue remaining before the deputy commissioner. Therefore, it is hereby stricken.
The deputy commissioner’s reservation of jurisdiction to enforce her order is also reversed. Enforcement of a deputy commissioner’s order is exclusively within the jurisdiction of the circuit court. § 440.-24(1), Fla. Stat.
REVERSED and REMANDED for entry of an order consistent with this opinion.
SHIVERS and JOANOS, JJ., concur.